```
*********************
***   TX REPORT    ***
*********************

TRANSMISSION OK

TX/RX NO                    0577
RECIPIENT ADDRESS           912025021744
DESTINATION ID
ST. TIME                    10/10 14:47
TIME USE                    00'22
PAGES SENT                  1
RESULT                      OK
```



Gonzales/Kakonis

Cellsite

# Administrative Office of the United States Courts

## REPORT OF JUDICIAL ACTION ON AN APPLICATION FOR A DELAYED-NOTICE SEARCH WARRANT OR FOR AN EXTENSION OF A DELAYED-NOTICE PERIOD

Please complete this form and submit it to the Administrative Office each time a delayed-notice search warrant is issued, an extension of a delayed-notice period is granted, or an application for such a warrant or extension is denied. See 18 U.S.C. § 3103a(d)(1).

1. Name of Issuing or Denying Judge: __William E. Callahan, Jr.__

   *If a state court judge, please check this box* ☐

2. Federal Judicial District: __E.D. Wis.__

3. Date of Application for Delayed-Notice Search Warrant or for Extension of Delayed Notice:
   __10/10/12__

4. Offense (Most Serious) Specified in Application or Warrant: _____
   __12 U.S.C. §§ 841(a)(1), (b)(1)(B)__

5. Type of Application:    ☒  Delayed-Notice Search Warrant
                            ☐  Extension of Previously Authorized Delay

6. Judicial Action Taken:   ☒  Granted
                            ☐  Granted as modified
                            ☐  Denied

7. If this application resulted in issuance of a delayed-notice search warrant or sought to extend such a warrant's delayed-notice period, enter the miscellaneous number (or other file number) of the warrant: __12-M-557__

Case 2:12-mj-00557-WEC   Filed 10/10/12   Page 1 of 14   Document 1

8. Period of Initial or Additional Delay Authorized (if applicable): __10 days__

Administrative Office of the United States Courts

REPORT OF JUDICIAL ACTION ON AN APPLICATION FOR A DELAYED-NOTICE SEARCH WARRANT OR FOR AN EXTENSION OF A DELAYED-NOTICE PERIOD

Please complete this form and submit it to the Administrative Office each time a delayed-notice search warrant is issued, an extension of a delayed-notice period is granted, or an application for such a warrant or extension is denied. See 18 U.S.C. § 3103a(d)(1).

1. Name of Issuing or Denying Judge: _William E. Callahan, Jr._
   If a state court judge, please check this box ☐

2. Federal Judicial District: _E.D. Wis._

3. Date of Application for Delayed-Notice Search Warrant or for Extension of Delayed Notice:
   _10/10/12_

4. Offense (Most Serious) Specified in Application or Warrant:
   _12 U.S.C. §§ 841(a)(1), (b)(1)(B)_

5. Type of Application:   ☒ Delayed-Notice Search Warrant
                          ☐ Extension of Previously Authorized Delay

6. Judicial Action Taken:  ☒ Granted
                           ☐ Granted as modified
                           ☐ Denied

7. If this application resulted in issuance of a delayed-notice search warrant or sought to extend such a warrant's delayed-notice period, enter the miscellaneous number (or other file number) of the warrant: _12-M-557_

8. Period of Initial or Additional Delay Authorized (if applicable): _90 days_

9. If an extension was granted, how many previous extensions have been granted on this warrant?

   ☐ none  ☐ one  ☐ two  ☐ three  ____ more (enter number)  ☒ Not Applicable

| | |
|---|---|
| _Vanessa Eisenmann, Law Clerk_ | _10/10/12_ |
| Preparer's Name / Title | Date of Report |

After completing this form, please fax it to the Administrative Office of the United States Courts, Magistrate Judges Division, at (202) 502-1744.

(6/06)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. District Court } ss
Eastern District of Wis.
I hereby certify that this is a true and correct copy of the original now remaining of record in my office.
WILLIAM E. CALLAHAN, JR.
U.S. Magistrate Judge
DATED: 10/10/12
By: VK
Deputy Clerk

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR A WARRANT AUTHORIZING THE          12 -M - 557
DISCLOSURE OF DATA RELATING TO
A SPECIFIED CELLULAR TELEPHONE

## WARRANT AUTHORIZING THE DISCLOSURE OF DATA

Upon the application of the United States of America, and the Affidavit of Special Agent Travis Homer, and full consideration having been given to the matter, the Court finds:

That there is probable cause to believe that the monitoring of the approximate position of a Sprint Nextel (hereinafter "service provider") cellular telephone bearing mobile identification number 414-975-3956 (hereinafter "subject telephone") will lead to evidence of the location and activities of Herberto Gonzalez who is believed to have committed a violations of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

That, pursuant to Fed. R. Crim. P. 41(f)(3), 18 U.S.C. §§ 2705(a)(2), 3103a, 3117, the affidavit establishes reasonable cause to believe that providing immediate notification of the execution of this Order to Herberto Gonzalez may have an adverse result, to wit: (1) endangering the life or physical safety of an individual; (2) assisting Herberto Gonzalez, and/or his associate[s], in flight to avoid prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial. As a result,

**IT IS HEREBY ORDERED** that electronic surveillance of the subject telephone's location-based services is authorized for a period of forty-five (45) days measured from the date

of this Order. Agents shall commence monitoring within ten calendar days of the date of this Order.

**IT IS FURTHER ORDERED** that periodic monitoring of the subject telephone is authorized during both daytime and nighttime hours during the authorized period of monitoring.

**IT IS FURTHER ORDERED** that the service provider provide agents from FBI the information delineated in Attachment A.

**IT IS FURTHER ORDERED** that the agents from FBI shall compensate the provider for such costs as are reasonably necessary and which have been directly incurred in complying with this order;

**IT IS FURTHER ORDERED** that the government may use a hand-held pen register device or process to identify the precise location of the target telephone within the Eastern District of Wisconsin.

**IT IS FURTHER ORDERED** that, in the event that the subject telephone is now located or travels outside the territorial jurisdiction of the court, the continued monitoring of the subject telephone in any jurisdiction within the United States is authorized pursuant to Fed. R. Crim. P. 41(b)(4), 18 U.S.C. §§ 2703, and 3117.

**IT IS FURTHER ORDERED THAT**, pursuant to 18 U.S.C. §§ 3103a and 2705(a)(2), delayed notification of this Order is authorized for a period of 90 days, which may be extended for good cause.

**IT IS FURTHER ORDERED** that within ten days after the expiration of this Order, it shall be returned by a federal law enforcement officer to the undersigned, indicating that the cell site monitoring of the subject telephone has ceased.

**SO ORDERED** this 10th day of October, 2012, at Milwaukee, Wisconsin.

*[signature]*
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION OF THE UNITED STATES OF AMERICA FOR A WARRANT AUTHORIZING THE DISCLOSURE OF DATA RELATING TO A SPECIFIED CELLULAR TELEPHONE | 12 - M - 557 |

## ATTACHMENT A

**Time Period:** Forty-five (45) days measured from the date of this order.

**Customer or Subscriber Identifier:** Sprint Nextel cellular telephone assigned mobile identification number 414-975-3956.

**Description and Format, if Applicable, of Records and Other Information to be Disclosed:**

- a. Originating and terminating cellular tower and sector information for all calls to and from this cellular telephone (i.e., cell site activations);

- b. Map of cellular tower locations/addresses, sectors and orientations;

- c. The physical address/location of all cellular towers in the applicable markets;

- d. "Enhanced 911" services of the service provider, including GPS fixes, triangulation, cells site "pings," received signal strength indicators, and timing offset analysis, to determine and monitor the location of the cellular telephone, at such intervals and times as directed by law enforcement in the execution of this order.

The records described above shall be provided to agents of FBI in electronic format.

If this cellular telephone's mobile identification number (MIN), electronic serial number (ESN), or combination thereof, is changed by the subscriber during the course of the requested order, the requested order shall apply to any new MIN or ESN.

4

Case 2:12-mj-00557-WEC   Filed 10/10/12   Page 6 of 14   Document 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR A WARRANT AUTHORIZING THE
DISCLOSURE OF DATA RELATING TO
A SPECIFIED CELLULAR TELEPHONE

12 - M - 557

## APPLICATION

The United States of America, by and through its attorneys, James L. Santelle, the United States Attorney for the Eastern District of Wisconsin, and Mario F. Gonzales, Assistant United States Attorney for said district, hereby makes application for an order pursuant to Federal Rule of Criminal Procedure 41, and Title 18, United States Code, Sections 2703, 3103a(b), and 3117, authorizing the disclosure of the approximate position of a cellular telephone. In support of this request, the applicant states the following:

1. This application is based on affidavit of Special Agent Travis Homer of the FBI, which affidavit is attached hereto and incorporated by reference. As described in that affidavit, there is probable cause to believe that Herberto Gonzalez has committed violations of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

2. The cellular telephone is issued by Sprint Nextel (hereinafter "service provider") and bears mobile identification number 414-975-3956 and is believed to be in the possession of Herberto Gonzalez (hereinafter "subject telephone").

3. As described in the attached affidavit, there is probable cause to believe that the subject telephone has been and will continue to be used to further the above-described violations.

4. It is believed that the service provider which services the subject telephone, has

the technical means promptly to generate and record location data with respect to a specified wireless telephone by measuring its position relative to other known reference points. It is further believed that this information will enable federal agents to monitor the approximate location of the telephone and to track its movements, thereby aiding them in locating the subject and determining his activities.

5. Based upon prior contact with the service provider to the subject telephone, the applicant verifies that the description and format of the records and other information sought are acceptable to the provider, that the types of records and other information are readily available to the provider, and that the records and other information sought will not include the contents of any communications.

6. For these reasons and those further specified in the supporting affidavit, the United States requests that this Court issue an order authorizing the service provider to employ and disclose the results (through any means reasonably available) of any and all available location-based services, including but not limited to real-time cell-site data, precision location, and those "Enhanced-911" services developed to comply with the provisions of 47 C.F.R. § 20.18. It is further requested that this Court order, consistent with the provisions of 18 U.S.C. § 2703(e), that no cause of action shall lie against the provider for complying with the order.

7. The government further requests an order authorizing the government to use a hand-held pen register device or process to identify the precise location of the subject telephone within the Eastern District of Wisconsin.

8. It is further requested that the electronic surveillance of the subject telephone's location-based services be authorized for a period of forty-five (45) days measured from the date

of this order. In the event that the Court grants this application, there will be periodic monitoring of the cellular telephone during both daytime and nighttime hours during the authorized period of monitoring.

9. It is further requested that in the event that the subject telephone is now located or travels outside the territorial jurisdiction of the court, the order authorize the continued monitoring of the electronic tracking device in any jurisdiction within the United States, pursuant to Fed. R. Crim. P. 41(b)(4), 18 U.S.C. §§ 2703 and 3117.

10. It is further requested that pursuant to Fed. R. Crim. P. 41(f)(3), 18 U.S.C. §§ 3103a and 2705(a)(2), this Court permit delayed notification of this order for a period of 90 days, which may be extended for good cause, because there is reason to believe that notification of the existence of the requested court order will result in (1) endangering the life or physical safety of an individual; (2) assisting Herberto Gonzalez, and/or his associate[s], in flight to avoid prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

Dated at Milwaukee, Wisconsin, this 10th day of October, 2012.

JAMES L. SANTELLE
United States Attorney

By: [signature]

MARIO F. GONZALES
Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA AUTHORIZING THE DISCLOSURE OF DATA RELATING TO A SPECIFIED CELLULAR TELEPHONE | Application No. 12-M- 557 |

### AFFIDAVIT

I, Travis Homer, being duly sworn, depose and state as follows:

### I. BACKGROUND AND EXPERIENCE

1. I am a Special Agent with the United States Department of Justice, Federal Bureau of Investigation and have been employed by the FBI for approximately four years and half years. Prior to joining the FBI, I was a police officer in the State of Utah, City of Layton, for eight years. I am currently assigned to the Milwaukee High Intensity Drug Trafficking Area (HIDTA), Drug Gang Task Force (DGTF). HIDTA is composed of law enforcement officers from Milwaukee Police Department, DEA, ATF, FBI, IRS, ICE and several other local police agencies. In the course of my work, I investigate violations of federal narcotics laws and related violations, including federal firearms and money laundering offenses. I have had formal training and have participated in numerous complex drug trafficking investigations, including investigations using wiretaps. Furthermore:

   a. I have utilized informants to investigate drug trafficking. Through informant interviews, and extensive debriefings of individuals involved in drug trafficking, I have learned about the manner in which individuals and organizations distribute controlled substances in Wisconsin and throughout the United States;

   b. I have also relied upon informants to obtain controlled substances from dealers, and have made undercover purchases of controlled substances;

   c. I have extensive experience conducting street surveillance of individuals engaged in drug trafficking. I have participated in the execution of numerous search warrants

1

where controlled substances, drug paraphernalia, and drug trafficking records were seized;

d. I am familiar with the appearance and street names of various drugs, including marijuana, heroin, cocaine, cocaine base (unless otherwise noted, all references to crack cocaine in this affidavit is cocaine base in the form of crack cocaine), ecstasy, and methamphetamine. I am familiar with the methods used by drug dealers to package and prepare controlled substances for sale. I know the street values of different quantities of the various controlled substances;

e. I am familiar with the language utilized over the telephone to discuss drug trafficking, and know that the language is often limited, guarded, and coded;

f. I know that drug traffickers often use electronic equipment, cellular and land-line telephones, and pagers to conduct drug trafficking operations;

g. I know that drug traffickers commonly have in their possession, and at their residences and other locations where they exercise dominion and control, firearms, ammunition, and records or receipts pertaining to such;

h. I have been assigned to court authorized wiretaps and have been trained to operate the equipment utilized to conduct such operations;

i. I know that drug traffickers often put their telephones in nominee names in order to distance themselves from telephones that are utilized to facilitate drug trafficking; and

j. I know that drug traffickers often use drug proceeds to purchase assets such as vehicles, property, and jewelry. I also know that drug traffickers often use nominees to purchase and/or title these assets in order to avoid scrutiny from law enforcement officials.

2. This affidavit is based upon my personal knowledge, and upon information reported to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation. This affidavit is also based upon

information gained from interviews with cooperating citizen witnesses, informants, and defendants, whose reliability is established separately herein.

3. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

4. This affidavit is made in support of an application for an order which seeks authorization for:
   a. the disclosure of the approximate position of a Sprint Nextel telephone assigned telephone number 414-975-3956 ("target telephone"), being used by Herberto Gonzalez.

## II. INDIVIUDALS UNDER INVESTGATION

5. In August 2012, the FBI and MPD, working jointly on the Milwaukee HIDTA Drug Gang Task Force, began an investigation into the drug trafficking activities of Hector Lechuga-Sandoval, Herberto Gonzalez and others. Hector Lechuga-Sandoval and Herberto Gonzalez are responsible for distributing multiple kilogram quantities of cocaine in and around the metropolitan area of Milwaukee, Wisconsin. On October 10, 2012, Hector Lechuga-Sandoval was indicted by a federal grand jury for possession with intent to distribute controlled substances. Lechuga-Sandoval is currently in custody. Herberto Gonzalez was also indicted on October 10, 2012, by a federal grand jury for Possession with intent to deliver 500 grams or more of cocaine. A warrant for Gonzalez's arrest was issued on October 10, 2012.

6. I am currently engaged in an investigation to locate and arrest Herberto Gonzalez (dob:07/02/1979), who is wanted on an outstanding federal arrest warrant issued in the Eastern District of Wisconsin.

3

7.      On October 8, 2012, Milwaukee Police Detective Abner Valcarcel received information from a reliable HIDTA source. Based on information from Detective Valcarcel, I believe the information provided by this source is credible and reliable because this source has conducted controlled buys on behalf of law enforcement, has provided specific information about the location of drugs and individuals which has been corroborated through subsequent police searches, has provided information that could be used against his/her penal interest, and has attended all meetings and obtain all information as directed.

8.      The source stated he/she met with Herberto Gonzalez on October 8, 2012. Source was shown a picture of Gonzalez, who source positively identified. Gonzalez provided source his telephone number, which is 414-975-3956 (Target telephone).

9.      I believe that by obtaining cell site and precision location information for the telephone number 414-975-3956 (Target Telephone), I might be able to locate Herberto Gonzalez and arrest him on the outstanding warrant.

_____
Special Agent Travis Homer
United States Department of Justice
Federal Bureau of Investigation

Sworn to and subscribed before me
This ___10th___ day of October, 2012.

_____
HONORABLE WILLIAM E. CALLAHAN JR.
United States Magistrate Judge
Eastern District of Wisconsin

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR A WARRANT AUTHORIZING THE
DISCLOSURE OF DATA RELATING TO
A SPECIFIED CELLULAR TELEPHONE

12 - M - 557

## ATTACHMENT A

**Time Period:** Forty-five (45) days measured from the date of this order.

**Customer or Subscriber Identifier:** Sprint Nextel cellular telephone assigned mobile identification number 414-975-3956.

**Description and Format, if Applicable, of Records and Other Information to be Disclosed:**

a. Originating and terminating cellular tower and sector information for all calls to and from this cellular telephone (i.e., cell site activations);

b. Map of cellular tower locations/addresses, sectors and orientations;

c. The physical address/location of all cellular towers in the applicable markets;

d. "Enhanced 911" services of the service provider, including GPS fixes, triangulation, cells site "pings," received signal strength indicators, and timing offset analysis, to determine and monitor the location of the cellular telephone, at such intervals and times as directed by law enforcement in the execution of this order.

The records described above shall be provided to agents of FBI in electronic format.

If this cellular telephone's mobile identification number (MIN), electronic serial number (ESN), or combination thereof, is changed by the subscriber during the course of the requested order, the requested order shall apply to any new MIN or ESN.

4